**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No.:

ELIAS JIMENEZ on his own behalf
and on behalf of all others similarly situated,

    Plaintiff,

v.

CROWN BUILDING MAINTENANCE, CO.

    Defendant.

---

**CLASS ACTION COMPLAINT FOR UNPAID WAGES**

---

Plaintiff, by and through undersigned counsel, files this Class Action Complaint for Unpaid Wages against the above-noted Defendant.

**STATEMENT OF THE CASE**

1. Plaintiff and those similarly situated are currently, or were formerly, employed by Defendant as hourly janitorial employees.

2. Defendant did not pay Plaintiff or Defendant's other employees all their earned, vested and determinable wages upon the termination of their employment.

3. Defendant thus violated the Colorado Wage Claim Act ("CWCA"), C.R.S. § 8-4-101 *et seq.* because that Act requires employers to pay their former employees all their earned and vested wages upon termination of the employment relationship.

4. Defendant deleted or "trimmed" hours from Plaintiff's and other, similarly-situated employees' paychecks.

5. Defendant thus violated the Colorado Minimum Wage of Workers Act

("CMWWA"), C.R.S. § 8-6-101 *et seq.* as implemented by the Colorado Minimum Wage Order ("MWO"), 7 C.C.R. 1103-1, because that Act requires employers to pay employees for all hours worked, and one and one half times each employee's regular rate of pay for each hour worked beyond forty each workweek and beyond twelve each workday.

6. Defendant refused to pay Plaintiff one and one-half times his regular rate of pay for each hour he worked beyond forty each workweek.

7. Defendant thus violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* because that Act requires employers to pay their employees one and one half times each employee's regular rate of pay for each hour worked beyond forty each workweek.

8. Plaintiff seeks compensation for Defendant's violations of the CMWWA and the CWCA on his own behalf and on behalf of all other similarly-situated hourly employees. Plaintiff seeks compensation for Defendant's violation of the FLSA on his own behalf.

**PARTIES, JURISDICTION, AND VENUE**

9. Plaintiff Elias Jimenez was employed by Defendant from approximately 2009 through approximately October 15, 2017. Plaintiff Jimenez's signed FLSA Consent to Sue Form is attached to this Complaint as Plaintiffs' Exhibit 1.

10. Defendant Crown Building Maintenance Co. is a registered foreign corporation which has a principal street address of 868 Folsom Street, San Francisco, California, 94107.

11.     Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, this case arising under the laws of the United States. This action arises under the FLSA, 29 U.S.C. §§ 201 *et seq.*

12.     Plaintiff requests that this Court exercise supplemental jurisdiction over his claims under the CWCA and the CMWA pursuant to 28 U.S.C. § 1367.

13.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because all the events and omissions giving rise to the claims occurred in the District of Colorado.

## FACTUAL ALLEGATIONS RELEVANT TO ALL CLAIMS

14.     Plaintiff and those similarly situated worked as hourly janitorial employees for Defendant.

15.     Defendant did not pay its hourly employees all earned, vested and determinable wages upon the termination of each employee's employment.

16.     After the termination of his employment relationship with Defendant, Plaintiff served on Defendant a demand for all his and his co-workers' earned, vested and determinable wages.

17.     Defendant also trimmed hours from Plaintiff's and Defendant's other hourly employees' paychecks.

18.     For example, during the pay period running from September 1, 2017 through September 15, 2017, Plaintiff worked 99.5 hours for Defendant. Defendant trimmed hours from Plaintiff's paycheck and only paid him for 87.75 hours. Similarly, during the pay period running from September 16, 2017 through September 30, 2017, Plaintiff worked 89.5 hours for Defendant. Defendant only paid him for 83 hours. And during the pay period running from October 1, 2017 through October 15, 2017, Plaintiff worked 94

hours for Defendant. Defendant only paid him for 85.75 hours.

19. Defendant also refused to pay Plaintiff overtime wages for hours worked beyond forty each workweek.

20. For example, during the pay period running from September 1, 2015 through September 15, 2015, Plaintiff Jimenez worked 103.5 hours for Defendant. Defendant failed to pay Plaintiff Jimenez overtime wages for those hours over forty he worked each week during this pay period. Similarly, during the two-week pay period running from January 16, 2015 through January 31, 2015, Plaintiff Jimenez worked 114 hours for Defendant. Defendant failed to pay Plaintiff Jimenez overtime wages for those hours over forty he worked each week during this pay period.

21. Defendant subjected all their hourly employees to these policies and practices of avoidance of proper wage payments.

22. At all times relevant to this action, Defendant employed persons, including Plaintiff, within the State of Colorado.

23. At all times relevant to this action, Plaintiff and Defendant's other hourly employees performed janitorial labor for the benefit of Defendant wherein Defendant commanded when, where, and how much labor Plaintiff and others were to perform.

24. Defendant provided services to other commercial firms through the use of janitorial service employees.

25. Plaintiff and Defendant's other hourly employees handled cleaning materials and equipment, such as degreaser, floor stripping soap, and vacuums, which moved in interstate commerce each year relevant to this action.

26. Defendant enjoyed more than $500,000.00 in gross receipts each year

relevant to this action.

## RULE 23 CLASS ALLEGATIONS AS TO THE FIRST CLAIM

27. Plaintiff asserts his First Claim, brought under the CWCA, as a Fed. R. Civ. P. 23 class action, on his own behalf and on behalf of a class for which Plaintiff seeks certification.

28. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this "CWCA Rule 23 Class" as follows:

> All former hourly employees of Defendant who worked in Colorado and who ceased employment on or after January 5, 2015.

29. Plaintiff asserts his Second Claim, brought under the CMWA, as implemented by the MWO, as a Fed. R. Civ. P. 23 class action, on his own behalf and on behalf of a class for which Plaintiff seeks certification.

30. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this "MWO Rule 23 Class" as follows:

> All hourly employees who were employed on or after January 5, 2015 who had work hours trimmed by Defendant.

31. This action is properly brought as a class action for the following reasons.

32. Upon information and belief, Defendant failed to pay all their separated employees all their earned, vested and determinable wages upon the termination of each employee's employment.

33. Upon information and belief, all of Defendant' hourly employees were subject to Defendant' common policy of trimming hours worked.

5

34. The class is so numerous that joinder of all the potential class members is impracticable. Plaintiff does not know the exact size of the Class because that information is within the control of Defendant. However, Plaintiff believes and alleges that the number of Class Members is in the 300-500 persons range. Membership in the class is readily ascertainable from Defendant's employment records.

35. Numerous questions of law and fact regarding the liability of Defendant are common to the Class and predominate over any individual issues that may exist. Common questions of law and of fact include: Whether Defendant failed to pay all its separated employees all their earned, vested and determinable wages upon the termination of each class member's employment and whether Defendant trimmed hours from its employees' paychecks.

36. The claims asserted by Plaintiff are typical of the claims of all of the Class Members. This is an uncomplicated case of an employer failing to pay its employees all their earned and determinable wages. The claims at issue arise from policies applicable to all members of the class. Each Member of the Class suffered the same violations that Plaintiff challenges with his claims. If Defendant's policies of failing to pay its separated employees all their earned, vested and determinable wages upon the termination of employment, and of trimming hours worked, were unlawful as applied to the representative Plaintiff, they were unlawful as applied to the absent members of the putative classes.

37. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because numerous identical lawsuits alleging identical causes of action would not serve the interests of judicial economy.

38. The representative Plaintiff will fairly and adequately protect the interests of the Members of the Class. Because all Class Members were subject to the same violations of law perpetrated by Defendant, the interests of absent Class Members are coincident with, and not antagonistic to, those of Plaintiff. The representative Plaintiff will litigate the Class's claims fully.

39. The representative Plaintiff is represented by counsel experienced in wage and hour class action litigation.

40. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendant.

41. Those Class Members who worked for Defendant for short periods of time have small claims that they are unlikely to bring individually. All members of the Class have claims that are factually and legally identical to Plaintiff's. Thus, the interest of Members of the Class in individually controlling the prosecution or defense of separate actions is slight, while the broad remedial purposes of the CMWWA and the CWCA counsel toward vindicating the rights of those employees with small claims as part of the larger Class.

42. Plaintiff is unaware of any members of the putative class who are interested in presenting their claims in a separate action.

43. Plaintiff is aware of no pending litigation commenced by members of the Class concerning the instant controversy.

44. It is desirable to concentrate this litigation in this forum because all claims arose in Colorado.

45. This class action will not be difficult to manage due to the uniformity of claims among the Class Members and the susceptibility of wage and hour cases to both class litigation and the use of representative testimony and representative documentary evidence.

46. The contours of the class will be easily defined by reference to the payroll documents that Defendant was legally required to create and maintain. 7 CCR 1103-1 at 12; 29 C.F.R. § 516.2. Notice will be easily distributed because all members of the putative class are or were employed by Defendant and Defendant was required to create and maintain records containing the mailing addresses of each class member.

**FIRST CLAIM – Failure to Pay All Earned, Vested and Determinable Wages Upon Termination of the Employment Relationship
<u>Violation of the CWCA (Colo. Rev. Stat. §§ 8-4-101, *et seq.*)</u>**

47. Plaintiff repeats and realleges each of the above allegations as if fully set forth herein.

48. Plaintiff asserts this count on his own behalf and on behalf of all other employees who separated from employment with Defendant on or after January 5, 2015. Fed.R.Civ.P. 23.

49. Defendant was Plaintiff's and all other separated employees' "employer" as that term is defined by the CWCA because it employed Plaintiff and others in Colorado. Colo. Rev. Stat. § 8-4-101(6).

50. Plaintiff and all other separated employees were Defendant's "employees" as that term is defined by the CWCA because they performed labor for the benefit of Defendant in which Defendant commanded when, where, and how much labor or services would be performed. Colo. Rev. Stat. § 8-4-101(5).

8

51. Defendant violated the CWCA, when it failed to pay Plaintiff and all other separated employees all earned, vested and determinable wages upon each employee's separation from employment. Colo. Rev. Stat. § 8-4-109.

52. As a result, Plaintiff and all other separated employees suffered lost wages and lost use of those wages in an amount to be determined at trial.

53. Plaintiff and all other separated employees are entitled to recover in a civil action all earned and vested wages owed to them, statutory penalties and attorney fees and costs of suit.  Colo. Rev. Stat. § 8-4-109; Colo. Rev. Stat. § 8-4-110.

### SECOND CLAIM – Trimming Hours and Failure to Pay Overtime Premiums
### Violation of the CMWA (Colo. Rev. Stat. §§ 8-6-101, *et seq.*) as implemented by the MWO (7 CCR 1103-1)

54. Plaintiff repeats and realleges each of the above allegations as if fully set forth herein.

55. Plaintiff asserts this count on his own behalf and on behalf of all other similarly situated employees. Fed.R.Civ.P. 23.

56. Defendant was Plaintiff's and others' "employer" as that term is defined by the MWO because it employed Plaintiff and others in Colorado.  7 C.C.R. 1103-1(2).

57. Plaintiff and others were Defendant's "employees" as that term is defined by the MWO because they performed labor for the benefit of Defendant in which Defendant commanded when, where, and how much labor or services would be performed.  7 C.C.R. 1103-1(2).

58. Defendant employed Plaintiff and others in a Commercial Support Service enterprise engaged directly or indirectly in providing services to other commercial firms

9

through the use of service employees. Defendant therefore employed Plaintiff and others in an industry regulated by the MWO. 7 C.C.R. 1103-1(2)(B).

59. Defendant violated the CMWA, as implemented by the MWO, when it trimmed hours from Plaintiff's and others' paychecks and when it failed to pay Plaintiff and others overtime premiums for hours worked over forty in each given workweek and for hours worked beyond twelve in each given workday. 7 CCR 1103-1(4).

60. Plaintiff and others suffered lost wages and lost use of those wages in an amount to be determined at trial.

61. Plaintiff and others are entitled to recover in a civil action wages owed to them, together with attorney fees and costs of suit. Colo. Rev. Stat. § 8-6-118; 7 C.C.R. 1103-1(18).

### THIRD CLAIM – Failure to Pay Overtime Premiums
### Violation of the FLSA (29 U.S.C. § 201 *et seq.*)

62. Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

63. Plaintiff was Defendant's "employee" as that term is defined by the FLSA. 29 U.S.C. § 203(e).

64. Defendant "employed" Plaintiff as that term is defined by the FLSA. 29 U.S.C. § 203(g).

65. Defendant was Plaintiff's "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

66. Defendant violated the FLSA when it refused to pay Plaintiff overtime premiums for hours worked beyond forty in each given workweek. 29 U.S.C. § 207.

67. Defendant's violation of the FLSA was willful. 29 U.S.C. § 255(a).

10

68. Plaintiff suffered lost wages and lost use of those wages in an amount to be determined at trial.

69. Plaintiff is entitled to recover unpaid overtime premiums, liquidated damages, attorney fees and costs. 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff prays that:

As to his FIRST CLAIM brought pursuant to the CWCA, Plaintiff respectfully requests an Order from the Court that:

   a. This action be certified as a class action pursuant to Fed. R. Civ.P. 23;

   b. Plaintiff be certified as the class representative of the CWCA Rule 23 Class;

   c. Undersigned counsel be appointed CWCA Rule 23 class counsel;

   d. Prompt notice of this litigation be sent to all potential CWCA Rule 23 class members;

   e. Plaintiff and the CWCA Rule 23 Class be awarded the wages they are due, statutory penalties and attorney fees and costs of suit;

   f. Plaintiff be awarded a service award in recognition of his work as representative of the CWCA Rule 23 Class;

   g. Plaintiff and the CWCA Rule 23 Class be awarded such other and further relief as may be necessary and appropriate.

As to his SECOND CLAIM brought pursuant to the CMWA, as implemented by the MWO, Plaintiff respectfully requests an Order from the Court that:

   a. This action be certified as a class action pursuant to Fed. R. Civ.P. 23;

   b. Plaintiff be certified as the class representative of the MWO Rule 23 Class;

   c. Undersigned counsel be appointed MWO Rule 23 class counsel;

   d. Prompt notice of this litigation be sent to all potential MWO Rule 23 class members;

11

e. Plaintiff and the MWO Rule 23 Class be awarded the wages they are due, together with attorney fees and costs of suit;

f. Plaintiff be awarded a service award in recognition of his work as representative of the MWO Rule 23 Class;

g. Plaintiff and the MWO Rule 23 Class be awarded such other and further relief as may be necessary and appropriate.

As to his THIRD CLAIM claim brought pursuant to the FLSA, Plaintiff respectfully requests an Order from the Court that:

a. Plaintiff be awarded unpaid overtime premiums;

b. Plaintiff be awarded liquidated damages as required by law;

c. Plaintiff be awarded pre-judgment and post-judgment interest as permitted by law;

d. Plaintiff be awarded costs and attorney fees as per 29 U.S.C. § 216(b); and

e. Plaintiff be awarded such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*s/ Brandt Milstein*
Milstein Law Office
1123 Spruce Street, Suite 200
Boulder, CO 80302
Telephone: 303.440.8780
Fax: 303.957.5754
E-mail: brandt@milsteinlawoffice.com

*Attorney for Plaintiff*